UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

PAVEL FERNANDEZ,
JAY ENGELMAN,
and all others similarly situated,

      Plaintiff(s),

vs.

MIAMI TECH LINE MAINTENANCE SUPPORT, INC.,
AMASVIDO RODRIGUEZ, and
TOMAS ROMERO,

      Defendants.

_____/

## COMPLAINT
### (*OPT-IN CLASS/COLLECTIVE ACTION*)

Plaintiffs, Pavel Fernandez and Jay Engelman, bring this action on behalf of themselves and a class of others similarly situated employees to require Defendants, Miami Tech Line Maintenance Support, Inc., Amasvido Rodriguez, and Tomas Romero, to pay back wages owed to Plaintiffs, which Defendants failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. ("the FLSA"). Plaintiff also seeks a declaration of rights, permanent injunctive relief, and damages for themselves and all class members.

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Pavel Fernandez**, was and is a resident of Miami-Dade County, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half pay for time spent over 40 hours per week from Defendants. Mr. Fernandez was an hourly, non-exempt employee

1

9100 S. Dadeland Blvd., Suite 1010, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

of Defendants, as the term "employee" is defined by 29 U.S.C. §203 (e). Mr. Fernandez consents to participate in this lawsuit.

2.      **Plaintiff, Jay Engelman**, was and is a resident of Miami-Dade County, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half pay for time spent over 40 hours per week from Defendants. Mr. Engelman was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203 (e). Mr. Fernandez consents to participate in this lawsuit.

3.      **Defendant, Miami Tech Line Maintenance Support, Inc.**, is a Florida for-profit that conducts its for-profit business of servicing and maintaining aircraft in Florida, and it is *sui juris*. Its registered agent is Amasvido Rodriguez, whose address is 5200 N.W. 36th Street, Miami, FL 33166.

4.      **Defendant, Amasvido Rodriguez**, was and is and owner and the President of Miami Tech Line Maintenance Support Services, Inc., for the relevant time period. He ran the day-to-day operations of Miami Tech Line Maintenance Support Services, Inc. and was partially or totally responsible for paying Plaintiffs' wages.

5.      **Defendant, Tomas Romero**, was and is an owner and the Vice President of Miami Tech Line Maintenance Support Services, Inc., for the relevant time period. He also ran the day-to-day operations of Miami Tech Line Maintenance Support Services, Inc. and was partially or totally responsible for paying Plaintiffs' wages.

6.      Defendants, Miami Tech Line Maintenance Support, Inc., Amasvido Rodriguez, and Tomas Romero, were direct employers, joint employers and co-employers for purposes of

9100 S. Dadeland Blvd., Suite 1010, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed the Plaintiffs.

7.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, and because Plaintiffs, Pavel Fernandez, Jay Engelman, and the other members of the putative class were employed by the Defendants in this District, and most of the actions complained of occurred within this District.

### *Background Facts*

8.      Defendants have been at all times material engaged in interstate commerce in the course of their servicing and maintaining aircraft (including their airframe, avionics, propulsion systems, and constituent parts) which were placed in the in the stream of commerce utilizing tools, supplies, and materials which were sold, transported, serviced, and used in the stream of interstate commerce. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

9.      Plaintiff, Pavel Fernandez, worked for Defendants as an "aircraft mechanic" from August 2006 through the present. He spent most of his time performing his duties as an "aircraft mechanic" by actually maintaining, repairing, and servicing aviation airframes, components, propulsion systems, and their constituent parts.

10.     Plaintiff, Jay Engelman, worked for Defendants as a "coordinator" from July 2005 through the present. He spent most of his time performing his duties as a "coordinator" by actually maintaining, repairing, and servicing aviation airframes, components, propulsion systems, and their constituent parts. In addition, he was responsible for scheduling and coordinating the maintenance and servicing of aircraft, calculating time cards, and

9100 S. Dadeland Blvd., Suite 1010, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

communicating with customers. He spent approximately 10% of his time actually supervising other employees.

11.     Plaintiffs' work for the Defendants regularly affected interstate commerce because the materials they used on a constant and/or continual basis and/or that were supplied to them by Defendants to use in their job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of same.

12.     Plaintiffs' work for Defendants was actually in or so closely related to the movement of commerce while they worked for Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for Defendants.

13.     Plaintiff, Pavel Fernandez's hourly rate of pay from the Defendants was $20.00/hour until 2009 and has been $21.00/hour since then.

14.     Defendants failed and refused to pay Plaintiff, Pavel Fernandez, overtime wages calculated at time and one-half of his regular hourly rate for all hours worked over 40 hours in a given workweek.

15.     In particular, Defendants did not pay Plaintiff, Pavel Fernandez, overtime wages even though he routinely worked approximately 50-60 hours (*i.e.*, 10-20 hours of overtime) each week.

16.     Plaintiff, Jay Engelman's hourly rate of pay from the Defendants was $23.00 per hour for the relevant time period while he worked for Defendants.

17.     Defendants failed and refused to pay Plaintiff, Jay Engelman, overtime wages calculated at time and one-half of his regular hourly rate for all hours worked over 40 hours in a given workweek.

9100 S. Dadeland Blvd., Suite 1010, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

18.     In particular, Defendants did not pay Plaintiff, Jay Engelman, overtime wages even though he routinely worked approximately 75-85 hours per week according to his time cards maintained by his employer. Instead, they paid Plaintiff his regular hourly rate for all documented hours. In addition to those hours reflected on his time records maintained by Defendants, Plaintiff Jay Engelman also worked an additional 12-18 hours per week for Defendants, but Defendants refused to acknowledge or compensate Mr. Engelman for these overtime hours, despite request.

19.     Defendants' policy, as it relates to all of its over 20 similarly situated employees, was and is to not pay overtime wages (calculated at time and one-half for all overtime hours worked), but to pay the regular hourly rate for all employees when they work documented overtime – and to pay nothing for work performed at home, remotely, by computer, and/or by mobile phone. Thus, Defendants' overtime policy was uniformly applied to all of its non-exempt employees (and former employees) – including Plaintiffs.

20.     Defendants also would routinely withhold 7% from Plaintiffs' paychecks and from those of the other members of the class without any justification or excuse, and have not paid the withheld amounts to them. Defendants also withheld the same amounts from the other similarly situated employees and former employees of Defendants.

21.     Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

22.     The additional persons who may become Plaintiffs in this action are other weekly, bi-weekly, and/or salaried current and former employees of Defendants who are and who were subject to the payroll practices and procedures of Defendants and who were not paid overtime wages. These additional persons are readily identifiable from records maintained by Defendants

9100 S. Dadeland Blvd., Suite 1010, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiffs.

## COUNT I –OVERTIME VIOLATION

Plaintiffs reincorporate and re-allege all preceding paragraphs as though set forth fully herein and further allege as follows:

23.     Defendants willfully and intentionally refused to pay Plaintiffs wages at a rate of time and one-half for each of the overtime hours they worked during the relevant time period.

24.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiffs an overtime wage for the hours they worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled employees to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiffs and the putative class members of the overtime pay they earned by making payments to Plaintiffs (and the putative class members) for selected overtime hours worked at their normal hourly rate, and then failing to timely correct their violation after having known and been put on notice of same.

25.     Plaintiffs and the members of the class are entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

## COUNT II – MISCLASSIFICATION

Plaintiffs reincorporate and re-allege paragraphs 1-22 as though set forth fully herein and further allege as follows:

26.     At all times material, Plaintiffs and the other similarly situated employees worked for Defendants.

9100 S. Dadeland Blvd., Suite 1010, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

27.     During this time, and curiously only for the overtime hours that Plaintiffs and the other similarly situated employees worked for Defendants, they were paid as independent contractors and issued 1099 forms.

28.     This misclassification by Defendants resulted in additional damages to Plaintiffs, as this practice required Plaintiffs and the other similarly situated employees to pay all of the taxes on all overtime pay received worked as if they were independent contractors, which means that Defendants did not pay their proportionate share of the taxes due on Plaintiffs' wages.

29.     As a direct and proximate result of the misclassification of Plaintiffs by Defendants, Plaintiffs suffered damages in the form of increased tax payments for which they demand reimbursement from Defendants.

## COUNT III – DECLARATORY RELIEF

Plaintiffs reincorporate and re-allege all preceding paragraphs as though set forth fully herein and further allege as follows:

30.     Plaintiffs and Defendants have a pending dispute under the Fair Labor Standards Act, which this Court has jurisdiction to decide pursuant to 29 U.S.C. §1331.

31.     The Court also had jurisdiction over Plaintiffs' request for a declaration of rights pursuant to 28 U.S.C. §§2201, 2202.

32.     Defendant did not rely on a good faith defense in not paying Plaintiffs and the other similarly situated employees full wages or their overtime wages and by misclassifying Plaintiffs and the other similarly situated employees.

33.     A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

7

34.    The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiffs and all other current and former employees of Defendants now and in the future.

### PRAYER FOR RELIEF

WHEREFORE Plaintiffs, Pavel Fernandez, Jay Engelman, and all others similarly situated, demand trial by jury of all issues so triable, and the entry of judgment against Defendants, Miami Tech Line Maintenance Support, Inc., Amasvido Rodriguez and Tomas Romero, as follows:

a.  That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b) for all similarly situated employees who elect to join these proceedings;

b.  That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiffs;

c.   That the Court issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

d.  That Defendants be enjoined from further violations of the Fair Labor Standards Act;

e.  That the named Plaintiffs and all class members who opt in recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

f.  That Plaintiffs and the class recover an award of reasonable attorneys fees, costs, and expenses;

g.  That the Defendant be Ordered to make the Plaintiff and all class members who opt in whole by providing appropriate back pay, overtime pay, reimbursement for all tax payments they made as a result of being misclassified while working for Defendants, and

8

other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

h.  Such additional relief as the Court deems just and proper.

Dated this <u>12th</u> day of August, 2011.

<div style="margin-left: 50%;">

Respectfully Submitted,

FAIRLAW FIRM
*Attorney for Plaintiff*
9100 S. Dadeland Blvd.
Suite 1010
Miami, FL 33156
Tel:    305.230.4884
Fax:    305.230.4844

*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

</div>

9

9100 S. Dadeland Blvd., Suite 1010, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*